```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LARRY COFFMAN,                        )
                                      )
           Plaintiff,                 )
                                      )
     v.                               )    No. 4:06-CV-1770-CAS
                                      )
ALAN BLAKE, et al.,                   )
                                      )
           Defendants.                )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, injunctive, and declaratory relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are MSOTC employees Alan Blake, Jon Rosenboom, Janine Semar, Lynne Eason, and "Unknown M.S.O.T.C. Employees."[1]

Plaintiff alleges that, in retaliation for exercising his constitutional right to file lawsuits, defendants Alan Blake, Jon Rosenboom, Janine Semar, and Lynne Eason "denied [him] meaningful

---

[1]Plaintiff states that among the "Unknown M.S.O.T.C. Employees" are "various security therapy aides and other DMH employees."

2

access to the courts by intercepting and not delivering mail to plaintiff in a timely fashion, or at all," and as a result, he "has suffered actual prejudice in the pursuit of his legal claims." Plaintiff's retaliation and access-to-the-courts claims survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, defendants Alan Blake, Jon Rosenboom, Janine Semar, and Lynne Eason shall reply to the retaliation and access-to-the-courts claims.

The complaint is legally frivolous as to defendants "Unknown M.S.O.T.C. Employees." In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown M.S.O.T.C. Employees" to be ascertained after reasonable discovery. These particular defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Last, plaintiff alleges that his confinement at MSOTC "pervert[s] equal justice." Liberally construing plaintiff's

3

allegations as a challenge to the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined,[2] the Court notes that a favorable ruling on plaintiff's § 1983 claim would necessarily imply the invalidity of his current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of their confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

---

[2]Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

**IT IS FURTHER ORDERED** that, as to plaintiff's retaliation and access-to-the-courts claims against defendants Alan Blake, Jon Rosenboom, Janine Semar, and Lynne Eason, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that all remaining claims set forth in the complaint are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants "Unknown M.S.O.T.C. Employees," the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this  3rd  day of  January , 2007.

_____
**UNITED STATES DISTRICT JUDGE**