# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-1770 CAS |
| ALAN BLAKE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for a permanent injunction to prevent Larry Coffman from bringing future lawsuits against them. Coffman, a civilly-committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), has filed at least forty-six lawsuits against government officials and employees of MSOTC since he entered MSOTC in 2000. Of those suits, thirty-nine were dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious, for failing to state a claim upon which relief can be granted, or for failing to exhaust state remedies. Defendants, employees of MSOTC, now move to enjoin Coffman from filing additional suits because Coffman's filings constitute "abusive litigation" and the "federal courts have a clear obligation to exercise their authority to protect [defendants] from such behavior." After consideration of the factors relevant to whether an injunction should issue, the motion will be denied.

**Background**.

In August 2001, a jury found Coffman to be a "sexually violent predator" ("SVP") under Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (2000) (the "Act").[1]

---

[1] Under the Act, a sexually violent predator is "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

In re Care of Coffman, 92 S.W.3d 245, 246-47 (Mo. App. E.D. 2002). After the jury returned its verdict, the trial court ordered a new trial because the verdict-directing instruction did not unambiguously inform the jury that the state was required to prove impairment of volition and the state did not adduce expert testimony on that issue. Id. The state appealed the trial court's order, and the Missouri Court of Appeals affirmed. Id. at 253. After the second trial, a jury again found Coffman to be an SVP. In re Care of Coffman, 163 S.W.3d 484 (Mo. App. E.D. 2005). Prior to his conviction, Coffman was detained at MSOTC pursuant to Mo. Rev. Stat. § 632.484.

Under the Act, the director of the department of mental health or a designee is required to conduct an annual examination of Coffman's mental condition. Mo. Rev. Stat. § 632.498. The Act requires that the yearly report be provided to the court that committed Coffman, and the court is required to conduct an annual review of Coffman's status. Id. If the court were to determine by a preponderance of the evidence that Coffman "no longer suffers from a mental abnormality that makes [him] likely to engage in sexual acts of violence if released," the court would be required to set a trial on the issue. Id. In addition to the annual review conducted by the department of mental health and the court, Coffman may petition the court for release over the director's objection. Id.

Coffman's confinement is potentially indefinite. The only way that Coffman will be released from MSOTC is if, after a trial pursuant to Mo. Rev. Stat. § 632.498, "the court or jury finds that

---

(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or

(b) Has been committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980."

Mo. Rev. Stat. § 632.480(5).

2

[Coffman's] mental abnormality has so changed that the person is not likely to commit acts of sexual violence if released . . . ." Absent such a finding, Coffman will remain civilly confined at MSOTC.

Since he has been detained at MSOTC, Coffman has filed numerous civil rights lawsuits in this Court. In each of his suits, Coffman filed for in forma pauperis status, and the Court has granted Coffman that status in each of his cases. Under 28 U.S.C. § 1915(e), the Court is required to review all complaints filed in forma pauperis, and the Court is required to dismiss a complaint prior to service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Defendants have identified forty-six cases that Coffman has filed against themselves or similar defendants since he has been detained at MSOTC. Of those forty-six cases, the Court dismissed thirty-nine prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). Of the seven cases that the Court allowed to go forward, only one case proceeded without partial dismissal of claims or parties prior to service.

**Discussion**.

To determine whether an injunction should issue, the Court must balance the threat of irreparable harm to movant, the harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).

Defendants state that their "representation is provided by the taxpayers of the State of Missouri [and that they] have a right to be free from abusive litigation." As noted above, however, the Court dismissed at least eighty-five percent of Coffman's cases prior to service of process. Only complaints in which the Court determined that nonfrivolous claims existed were served on defendants.

As a consequence, the Court finds that defendants have not demonstrated a threat of irreparable harm, and this factor weighs against granting an injunction.

Although the right of access to the courts is not unlimited, it is a fundamental right under the Constitution. Lewis v. Casey, 518 U.S. 343, 346 (1996) (fundamental right); Higgins v. Carpenter, 258 F.3d 797, 799 (8th Cir. 2001) (Prison Litigation Reform Act's "three-strikes" provision does not impinge on right of access to courts); In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) (no constitutional right of access to courts to prosecute frivolous or malicious actions). The threat of harm to Coffman, should an injunction be granted, is that he may be prevented from bringing valid claims in this Court alleging violations of his constitutional rights. This potential for harm is unknowable in light of the fact that civil confinement for SVPs is a relatively new phenomenon.

Unlike the law surrounding the rights of prisoners, the law regarding the civil rights of civilly committed SVPs is not well developed. Kansas, the first state to pass a law authorizing the civil commitment of SVPs, enacted the Sexually Violent Predator Act in 1994, Kansas v. Hendricks, 521 U.S. 346, 350 (1997), and Missouri enacted the Sexually Violent Predator Act in 1998, with an effective date of January 1, 1999. In re Care and Treatment of Donaldson, __ S.W.3d __, 2007 WL 466390, *2 (Mo. Feb. 13, 2007) (en banc). Because the potential for harm to Coffman is unknowable at this time, this factor weighs against granting an injunction.

Finally, the Court finds that it is in the interests of public policy for defendants and the taxpayers of Missouri to be free from malicious and abusive litigation. The Court has warned Coffman that his suits have been malicious and abusive of the judicial process. See, e.g., Coffman v. Whitener, 4:06-CV-1388 SNL, slip op. at 3 (E.D. Mo. Nov. 14, 2006). Nonetheless, the Court finds that public policy is served when the Court performs its function as gatekeeper pursuant to 28

U.S.C. § 1915(e). As a result, this factor weighs against granting an injunction, and defendant's motion will be denied.

**Conclusion**.

The Court "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. General Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292 (citations omitted). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." Id. (citations omitted).

In light of the fact that Coffman has filed even more than the forty-six suits that defendants have cited, and that the Court is dismissing Coffman's cases prior to service of process at a rate greater than eight-five percent, the Court is expending significant time and energy disposing of Coffman's meritless claims and complaints, a situation that the Court will not tolerate indefinitely. Today's ruling is merely a decision not to permanently enjoin Coffman from filing suits against the defendants at this time. This decision has no impact on whether the Court may decide to sanction Coffman for abusing the litigation process at some time in the future.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for permanent injunction is **DENIED**.

[Doc. 16]

                                                */s/ Charles A. Shaw*
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of March, 2007.