UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-1770 CAS |
| ALAN BLAKE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Alan Blake, Lynne Eason, Jon Rosenboom and Janine Semar ("defendants") to dismiss plaintiff Larry Coffman's complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff has not filed a response to defendants' motion and the time to do so has passed. For the following reasons the Court will grant the motion to dismiss.

**Background**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, injunctive, and declaratory relief in this action brought pursuant to 28 U.S.C. § 1983. The remaining defendants are MSOTC employees Alan Blake, Jon Rosenboom, Janine Semar, and Lynne Eason. Plaintiff alleges that, in retaliation for exercising his constitutional right to file lawsuits, defendants "denied [him] meaningful access to the courts by intercepting and not delivering mail to plaintiff in a timely fashion, or at all," and as a result, he "has suffered actual prejudice in the pursuit of his legal claims." See Compl. at 5.

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. According to defendants, the

claims and issues raised in the instant action were previously litigated in a prior action in this district, and were dismissed on defendants' motion for summary judgment. Defendants argue that Coffman is barred from relitigating these claims and issues by the doctrines of res judicata and collateral estoppel. Defendants state that under the doctrine of res judicata, "when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a bar." Kaspar Wire Works, Inc. v. Leco Eng'g & Machine, Inc., 575 F.2d 530, 535 (5th Cir. 1978). Defendants further state that collateral estoppel "effectuate[s] the public policy in favor of minimizing redundant litigation [and] bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties." Id. at 535-36.

Defendants state that in Coffman v. Meade, No. 4:05-CV-698 TCM (E.D. Mo) ("Coffman I"), Magistrate Judge Thomas C. Mummert, III, found that there was no evidence to support an allegation that Coffman's mail was handled differently than that of any other MSOTC resident and therefore plaintiff's claims of interference and retaliation in connection with his mail failed.[1] In the Memorandum and Order of October 19, 2006 [Doc. 44] that granted defendants' summary judgment motion in Coffman I, Judge Mummert concluded that (1) plaintiff failed to state a claim against defendant Alan Blake because plaintiff did not allege Blake's personal involvement in or tacit authorization of any retaliatory conduct, id. at 8-9; (2) there was evidence that plaintiff's mail was handled no differently than the mail of any other MSOTC resident, id. at 9-10. Coffman appealed this decision to the United States Court of Appeals for the Eighth Circuit. See Coffman v. Meade, Nos. 06-3870 and 07-1040 (8th Cir., docketed on Nov. 20, 2006).[2]

---

[1]The Court takes judicial notice of the file in Coffman I. See United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981).

[2]On May 7, 2007, the Eighth Circuit ordered plaintiff to file his appellate brief within ten (10) days, and stated that if he fails to do so, the appeal will be dismissed.

The relevant factual allegations in the two complaints are very similar. In Coffman I, Coffman alleged that:

> 17. Defendants Dr. John Rosenboom, Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, and the M.S.O.T.C. Team Member[s] and other unknown persons have also denied Plaintiffs meaningful access to the courts by intercepting and not delivering mail to plaintiffs in a timely fashion.
>
> 18. Further, the actions alleged in paragraphs 1 - 17 were taken in retaliation for Plaintiff's exercise of his First Amendment rights, in that they were intentionally committed in response to Plaintiff's filing law suits over his conditions at the Treatment and Detention faculty.

Coffman I, No. 4:05-CV-698 TCM, Complaint, Doc. 2-1 at ¶17.

In this case, Coffman alleges that:

> 14. Defendants Alan Blake and other unknown person[s] have also denied Plaintiff meaningful access to the courts by intercepting and not delivering mail to Plaintiff in a timely fashion, or at all. As a direct and proximate result of these individuals' willful and deliberate conduct in failing to deliver Plaintiff's mail in a timely fashion, Plaintiff has suffered actual prejudice in the pursuit of his legal claims.
>
> 15. Defendants Alan Blake, Jon Rosenboom, Janine Semar, Lynne Eason. The actions alleged in Paragraphs 1-15 were taken in retaliation for Plaintiff's exercise of his First Amendment rights, in that they were intentionally committed in response to Plaintiff's filing law suits over his conditions at the Treatment and Detention facility.

Complaint, Doc. 3-1 at ¶ 14. The Court notes that neither complaint contains any specific factual allegations concerning when the alleged interference with plaintiff's mail occurred, or what specific items of mail were interfered with.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support

3

of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**

Defendants assert that the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) stand as a bar to plaintiff's claims. Claim preclusion "bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction." Plough v. West Des Moines Community Sch. Dist., 70 F.3d 512, 517 (8th Cir. 1995) (quoting Smith v. Updegraff, 744 F.2d 1354, 1362 (8th Cir. 1984)). Issue preclusion applies to legal or factual issues "actually and necessarily determined," with such a determination becoming "conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979).

The Court will address defendants' argument that collateral estoppel (issue preclusion) bars plaintiff's action. In the Eighth Circuit, issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007) (quoting Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1273 (8th Cir. 1997)). Once a court has decided an issue of fact or law necessary to a judgment, the decision may preclude relitigation of the issue in a suit on a different cause of action

involving a party to the first case. Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Montana, 440 U.S. at 153). The doctrine applies only when the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in question. See Kremer v. Chemical Const. Corp., 456 U.S. 461, 481 n.22 (1982); Simmons, 77 F.3d at 1095. Collateral estoppel does not apply in any case unless the disputed issue has actually been litigated and decided. Popp Telecom v. American Sharecom, Inc., 210 F.3d 928, 939 (8th Cir. 2000).

The Court finds that all of the elements necessary for collateral estoppel are present in this case. Coffman, the party sought to be precluded, was a party to the original lawsuit, and the issue sought to be precluded is the same as the issue involved in the prior action. As noted above, in both Coffman cases plaintiff alleged that various members of the MSOTC denied him meaningful access to the courts by intercepting and not delivering his mail in retaliation for his filing lawsuits over the conditions at the facility. Neither suit contains specific allegations concerning the date of the alleged interference with plaintiff's mail, or the mail which was allegedly interfered with. Neither suit contains allegations that defendant Blake was personally involved in or tacitly authorized any retaliatory conduct. The Court also notes that the instant complaint was filed approximately ten days after plaintiff filed a notice of appeal in Coffman I. The original complaint filed in this action was titled "S[e]cond Amendment [sic] Complaint," which indicates that plaintiff was attempting to restate the claims from Coffman I.

The issue of interference with plaintiff's mail and retaliation was actually litigated in Coffman I and was determined by a valid and final judgment. In Coffman I, the court found that the summary judgment record defeated plaintiff's claims of interference and retaliation. The court stated, "[T]here is evidence, i.e., Defendants' uncontroverted facts, that [plaintiff's] mail was handled no differently than the mail of any other MSOTC resident." Coffman I, No. 4:05-CV-698 TCM, Mem. and Order

5

of Oct. 19, 2006 at 10. [Doc. 44]  Finally, the Court finds that the determination in the prior action was essential to the prior judgment, as it was a basis for the grant of summary judgment.  Having found that all five elements necessary for collateral estoppel are present, the Court sees no good reason for permitting this issue to be litigated again.  See John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, 913 F.2d 544, 563 (8th Cir. 1990).  As a result, the Court does not address defendants' argument concerning res judicata.

**Conclusion**

For the foregoing reasons, the Court will grant defendants' motion to dismiss based on collateral estoppel.  Also before the Court is a document submitted by plaintiff titled "Harasment [sic], Being Block [sic] from the Court." [Doc. 22] The Court does not interpret this document as a motion and therefore does not address it further.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.  [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 4]

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

An appropriate order of dismissal shall accompany this memorandum and order.

                                                                        _____
                                                                        **CHARLES A. SHAW**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of May, 2007.